## WILLIAMSON *against* MITCHELL.

### IN ERROR.

Upon an appeal from the judgment of a justice of the peace by the plaintiff, the bail entered into a recognizance, which was taken by the justice in these words, "J. W. bound in a sum to cover all costs," which was held to be void; and upon which there could be no recovery on a *scire facias* against the bail.

THE writ of error in this case was to the common pleas of Mercer county.

A judgment was rendered in a suit brought before a justice of the peace by *Robert Lyon* against *John Mitchell*, from which the plaintiff appealed, and *John Williamson* the defendant in the court] below, and plaintiff in error in this suit, was his security, whose recognizance was taken by the justice in these words—"*John Williamson* bound in a sum certain to cover all costs, that plaintiff will prosecute this appeal with effect." This suit was a *scire facias* upon that recognizance, in which *John Mitchell* was plaintiff, and *John Williamson* defendant. The following is a copy of the writ which issued.

MERCER COUNTY, SCT.

*The Commonwealth of Pennsylvania to the Sheriff of Mercer county, Greeting:*

We command you, that you summon *John Williamson*, bail of *Robert Lyon*, to be and appear before our judges at Mercer, at our

(Williamson *v.* Mitchell.)

county court of common pleas, there so be held for said county, on the third Monday of November next, to shew cause why he should not pay the costs taxed, in the case wherein *Robert Lyon*, by *Joseph Lyon*, was plaintiff, and *John Mitchell* was defendant, and have you then, there, this writ. Witness the Hon. *Henry Shippen*, president of our said court, at Mercer the 26th of August, 1826.

WM. S. RANKIN, *Proth'y.*

The defendant plead—*nul tiel record and nil debet*—Replication—*habetur tale recordum.* Issue.

The plaintiff offered in evidence a transcript of an appeal from the judgment of *Alexander Dumars*, Esq. in a suit wherein *Robert Lyon* was plaintiff, and *John Mitchell* was defendant, dated the 1st December, 1823, on which transcript were the following words, "December 1st, 1823, an appeal applied for by *Joseph Lyon—John Williamson* bound in a sum to cover all costs, that plaintiff will prosecute this appeal with effect," which evidence was objected to by the defendant, and the court overruled the objections, and sealed a bill of exceptions.

The court was requested by the plaintiff's counsel, to charge the jury, that the recognizance upon which the writ issued was void, in consequence of its non-compliance with the act of Assembly, and that, therefore, there could be no recovery in this suit: which the court refused to do, but instructed the jury that the recognizance was valid, and the plaintiff had a right to recover.

Three errors were assigned in this court.

1st. The court erred in admitting the transcript in evidence.

2d. They erred in their charge to the jury.

3d. That there is no cause of action stated in the *scire facias.*

*Bredin* and *Banks* for plaintiff in error.

The transcript of the justice, although filed in the prothonotary's office, is not evidence. A justice has no seal by which his acts are authenticated; and his certificate that the transcript is truly copied from his docket, is not entitled to greater weight than the certificate of any other person not on oath to a fact within his knowledge. The evidence was nothing more than the allegation of the justice, that a recognizance had been entered into by *Williamson* before him.—*O'Donnel* v. *Seybert*, 13 Serg. & Rawle, 54.

The 5th section of the act of 1810, *Purd. Dig.* 452, provides the form in which the recognizance shall be taken, so far as respects the condition; but the recognizance upon which this suit is brought, does not contain an obligation certain in amount, nor does it contain the conditions required by the act, even substantially, which it ought to do in order to its validity. *Commonwealth* v. *Emery*, 2 Bin. 431. *Langs* v. *Galbreath*, 1 Serg. & Rawle, 491. *Bolton* v. *Robinson*, 13 Serg. & Rawle, 193. *King.* v. *Culversen*, 10 Serg. & Rawle, 325.

(Williamson *v.* Mitchell.)

3d. The writ of *scire facias* does not contain an allegation or charge that the defendant ever entered into a recognizance, or that such a recognizance exists:—the plea of *nul tiel record* would be inapplicable to it, for it recites no record, there could therefore, be no recovery upon it. *Witherow* v. *The Commonwealth,* 10 *Serg. & Rawle,* 231.

*Moore* and *Foster* for defendants in error.

There is no necessity, in order to the validity of a recognizance taken by a justice of the peace, that it should be drawn out at length upon his record; a short memorandum from which it may be drawn out if necessary, is a substantial compliance with the act. But it was too late upon the trial of the cause, to take advantage of the defect, if one existed.

The rule on this subject is correctly laid down in *Means* v. *Trout,* 16 *Serg. & Rawle,* 349.

PER CURIAM.—It is impossible to support this judgment. A recognizance is an obligation of record, with condition to pay money, or do some particular act; and it is in most respects like any other bond, the chief difference consisting in this, that a bond is the creation of a fresh debt, and a recognizance the acknowledgment of a former one. Here the justice has certified that the bail was "bound in *a sum* sufficient to cover all costs." What was that sum? It was impossible for the appellee to know what to demand. Even the act of assembly under which the proceedings were, requires the bail to be taken in *a sum;* and it is not sufficient for the justice to state the fact generally in the words of the act, without shewing in the recognizance what the sum was.

In an indictment it is not enough to pursue the very words of a statute which has created the offence, it being necessary to allege the special fact in which the offence consists. (2 *Hawk.* 354.) Here the fact by which only an obligation could be incurred, the acknowledgment of indebtedness in a sum certain—is not alleged. The recognizance is therefore void; and even if it were valid as a stipulation, still an action of *assumpsit,* and not of *scire facias,* would be the remedy. But the *scire facias* is even more defective than the recognizance. It neither recites the recognizance, nor alleges any fact to entitle the plaintiff to execution; but resembles a rule to shew cause more than any thing else. Its defects are not cured by the verdict, because it sets forth nothing, either in substance or in form, which resembles a cause of action, and being in the place of a declaration, it is incurably vicious. It mortifies one's professional pride to find such a writ among our records, for which the alleged incompetency of the prothonotary is no apology, it being the business of the attorney to see to the form of the process. Such looseness is discreditable to the practice of our courts, and we are therefore, compelled to speak of it with marked disapprobation.

Judgment reversed.

HUSTON, J. and SMITH, J. dissented.